# UNITED STATES DISTRICT COURT

for the

Eastern District of Wisconsin

| | |
|---|---|
| In the Matter of the Search of<br>*(Briefly describe the property to be searched<br>or identify the person by name and address)*<br>Target Cell #1- a gray iPhone cell phone in a clear case, serial number unknown, now located at the Bureau of Alcohol, Firearms, Tobacco, and Explosives, 1000 N Water Street, Suite 1400, Milwaukee, WI 53202, identified as Item #1. | Case No. 24-809M(NJ) |

## WARRANT BY TELEPHONE OR OTHER RELIABLE ELECTRONIC MEANS

To:     Any authorized law enforcement officer

An application by a federal law enforcement officer or an attorney for the government requests the search and seizure of the following person or property located in the     Eastern     District of     Wisconsin
*(identify the person or describe the property to be searched and give its location)*:

Please see Attachment A.

I find that the affidavit(s), or any recorded testimony, establish probable cause to search and seize the person or property described above, and that such search will reveal *(identify the person or describe the property to be seized)*:

Please see Attachment B.

**YOU ARE COMMANDED** to execute this warrant on or before 3/20/2024     *(not to exceed 14 days)*
☐ in the daytime 6:00 a.m. to 10:00 p.m.     ☑ at any time in the day or night because good cause has been established.

Unless delayed notice is authorized below, you must give a copy of the warrant and a receipt for the property taken to the person from whom, or from whose premises, the property was taken, or leave the copy and receipt at the place where the property was taken.

The officer executing this warrant, or an officer present during the execution of the warrant, must prepare an inventory as required by law and promptly return this warrant and inventory to     Honorable Nancy Joseph     .
*(United States Magistrate Judge)*

☐ Pursuant to 18 U.S.C. § 3103a(b), I find that immediate notification may have an adverse result listed in 18 U.S.C. § 2705 (except for delay of trial), and authorize the officer executing this warrant to delay notice to the person who, or whose property, will be searched or seized *(check the appropriate box)*
☐ for _____ days *(not to exceed 30)*    ☐ until, the facts justifying, the later specific date of _____.

Date and time issued: 3/6/2024 @ 9:26 a.m.     *[signature: Nancy Joseph]*
                                                                         *Judge's signature*

City and state:     Milwaukee, WI     Honorable Nancy Joseph, U.S. Magistrate Judge
                                                                         *Printed name and title*

| Return |||
|---|---|---|
| Case No.: | Date and time warrant executed: | Copy of warrant and inventory left with: |
| Inventory made in the presence of : |||
| Inventory of the property taken and name(s) of any person(s) seized: |||

**Certification**

I declare under penalty of perjury that this inventory is correct and was returned along with the original warrant to the designated judge.

Date: _____

_____
*Executing officer's signature*

_____
*Printed name and title*

## ATTACHMENT A

Target Cell #1- a gray iPhone cell phone in a clear case, serial number unknown, now located at the Bureau of Alcohol, Firearms, Tobacco, and Explosives, 1000 N Water Street, Suite 1400, Milwaukee, WI 53202, identified as Item #1.

# ATTACHMENT B

## ITEMS TO BE SEIZED

30. All records and information contained in the target cell described in Attachment A, which relate to violations of 18 U.S.C. § 922(a)(6) (making false statement in connection with purchase of firearm; and 18 U.S.C. § 922(g)(3) (Knowing Possession of Firearm by Prohibited Person-Drug User) with regard to Dameon A. HOLCOMB and other known and unknown co-conspirators including, but not limited to:

a. lists of contacts with any identifying information;

b. photographs, videos, or other media storage connected to firearms;

c. any stored GPS location tracking/logging files that may provide additional evidence as to the targets' travels, and may provide evidence as to the location where the alleged illegal actions occurred.

d. types, amounts, and prices of narcotics purchased/sold;

e. any information related to sources or purchasers of narcotics (including names, addresses, phone numbers, or any other identifying information);

f. any and all codes used to identify narcotics;

g. all bank records, checks, credit card bills, account information, and other financial records related to firearms commerce;

h. any and all financial records connected to the purchase/sale of narcotics;

i. documentation establishing the identity of the individuals in control of the residences, the cell phones, and any of the illegal sale and possession of narcotics;

j. any and all financial records connected to the purchase/sale of narcotics and any correspondence regarding other narcotics and/or purchasers;

10

k.  all bank records, checks, credit card bills, account information, and other financial records; financial records, documents, statements, or other evidence of control of bank or other financial accounts and investment funds;

l.  lists of narcotics customers and/or sources and related identifying information;

m.  personal address books, telephone bills, photographs, letters, personal notes, documents and other items or lists reflecting names, addresses, telephone numbers, addresses and communications regarding illegal activities among and between members and associates involved in narcotic activities;

n.  records of off-site locations to store proceeds and other records, including safes, vaults, or lock boxes, safe deposit box keys, records and receipts and rental agreements for storage facilities;

o.  records of mail and communications services, cellular telephones and all electronic storage areas on the device including stored telephone numbers, recently called numbers list, text messages, digital audio and or video recordings, pictures, settings, and any other user defined settings and/or data;

p.  evidence of user attribution showing who used or owned the device at the time the things described in this warrant were created, edited, or deleted, such as logs, phonebooks, saved usernames and passwords, documents, and browsing history; and

q.  records evidencing the use of the Internet Protocol address, including:

- records of Internet Protocol addresses used;

- records of Internet activity, including firewall logs, caches, browser history and cookies, "bookmarked" or "favorite" web pages, search terms that the user entered into any Internet search engine, and records of user-typed web addresses.

11

As used above, the terms "records" and "information" include all of the foregoing items of evidence in whatever form and by whatever means they may have been created or stored, including any form of computer or electronic storage (such as flash memory or other media that can store data) and any photographic form.

# UNITED STATES DISTRICT COURT
for the
Eastern District of Wisconsin

| | |
|---|---|
| In the Matter of the Search of<br>*(Briefly describe the property to be searched<br>or identify the person by name and address)*<br>Target Cell #1- a gray iPhone cell phone in a clear case, serial number unknown, now located at the Bureau of Alcohol, Firearms, Tobacco, and Explosives, 1000 N Water Street, Suite 1400, Milwaukee, WI 53202, identified as Item #1. | Case No. 24-809M(NJ) |

**APPLICATION FOR A WARRANT BY TELEPHONE OR OTHER RELIABLE ELECTRONIC MEANS**

I, a federal law enforcement officer or an attorney for the government, request a search warrant and state under penalty of perjury that I have reason to believe that on the following person or property *(identify the person or describe the property to be searched and give its location):*

Please see Attachment A.

located in the ___Eastern___ District of ___Wisconsin___, there is now concealed *(identify the person or describe the property to be seized)*:

Please see Attachment B.

The basis for the search under Fed. R. Crim. P. 41(c) is *(check one or more)*:

☑ evidence of a crime;
☐ contraband, fruits of crime, or other items illegally possessed;
☐ property designed for use, intended for use, or used in committing a crime;
☐ a person to be arrested or a person who is unlawfully restrained.

The search is related to a violation of:

| Code Section | Offense Description |
|---|---|
| 18 U.S.C. § 922(a)(6) | making false statement in connection with purchase of firearm |
| 18 U.S.C. § 922(g)(3) | knowing possession of firearm by prohibited person-drug user |

The application is based on these facts:
Please see Affidavit.

☑ Continued on the attached sheet.
☐ Delayed notice of _____ days *(give exact ending date if more than 30 days: _____ )* is requested under 18 U.S.C. § 3103a, the basis of which is set forth on the attached sheet.

RODOLFO AYALA (Affiliate)
Digitally signed by RODOLFO AYALA (Affiliate)
Date: 2024.03.05 10:26:11 -06'00'

*Applicant's signature*

Rodolfo Ayala, ATF Task Force Officer
*Printed name and title*

Attested to by the applicant in accordance with the requirements of Fed. R. Crim. P. 4.1 by ___telephone___ *(specify reliable electronic means)*.

Date: 3/6/2024

*Judge's signature*

City and state: Milwaukee, WI          Honorable Nancy Joseph, U.S. Magistrate Judge
*Printed name and title*

# AFFIDAVIT IN SUPPORT OF
# SEARCH WARRANT FOR CELL PHONE

I, Deputized ATF Task Force Officer and MPD Police Officer Rodolfo Ayala, being first duly sworn, hereby depose and state as follows:

## INTRODUCTION AND AGENT BACKGROUND

I make this affidavit in support of an application under Rule 41 of the Federal Rules of Criminal Procedure for a search warrant authorizing the examination of property, one target cell phone further described in Exhibit A, and the extraction of evidence described in Attachment B.

1. I am a Police Officer for the Milwaukee Police Department and am a state certified law enforcement officer currently assigned to the Milwaukee Police Department's Special Investigations Division-Alcohol, Tobacco, Firearms and Explosives Violent Impact Team and involved in the investigation of narcotics trafficking as well as individuals prohibited from the possession of firearms.

2. Your affiant has worked full-time as a law enforcement officer for the past twenty-one (21) years; and your affiant has been a deputized, full time Task Force Officer with the Bureau of Alcohol, Tobacco, Firearms and Explosives for the past thirteen (13) years. Your affiant is currently assigned to the Chicago Field Division-Milwaukee field office.

3. Your affiant has received training in the investigation of unlawful possession of firearms and possession of firearms by prohibited persons. Your affiant has been trained regarding firearm offenses and has arrested individuals for firearms related offenses including both federal and state criminal violations. Your affiant has also investigated drug trafficking offenses at the state and federal level and have been involved in arresting individuals who violate the State of Wisconsin and/or the federal narcotics laws included in 21 U.S.C. § § 841 and 846. Your affiant

has worked with local, state and federal law enforcement agencies, investigating the possession, use, and trafficking of controlled substances and weapons in the State of Wisconsin.

4. Your affiant has participated in the execution of numerous search warrants in which weapons and/or narcotics were seized. Your affiant is familiar with the different types and calibers of firearms and ammunition commonly possessed for illegal purposes, as well as the methods used to conduct narcotics trafficking.

5. Your affiant is professionally trained in the use of firearms and your affiant has experience working with confidential informants, citizen informants and other sources of information.

6. Your affiant has received training in the investigations of narcotics to include but not limited to possession of a controlled substance, possession of a controlled substance with intent to deliver, and the manufacturing/delivering of a controlled substance. Your affiant has recovered and purchased numerous narcotics to include marijuana, cocaine salt, cocaine rock, heroin, oxycodone, and MDMA.

7. Your affiant worked as an undercover police officer in the City of Milwaukee for over 4 years and made over 100 buys from different drug dealers. Your affiant has conducted over one-hundred interviews of drug dealers and drug users over the course of your affiant's career. Your affiant has been involved in over one hundred investigations where narcotics (marijuana, cocaine, heroin, etc.) were recovered.

8. The facts in this affidavit come from my personal observations, my training and experience, and information obtained from other agents and witnesses. This affidavit is intended to show merely that there is sufficient probable cause for the requested warrant and does not set forth all of my knowledge about this matter.

2

Case 2:24-mj-00809-NJ   Filed 03/06/24   Page 9 of 19   Document 1

9. Throughout this affidavit, reference will be made to law enforcement. Law enforcement are those federal, state, and local law enforcement officers who have directly participated in this investigation, and with whom your affiant has had regular contact regarding this investigation.

**PROBABLE CAUSE**

10. Your affiant knows, from his training and experience those individuals who cannot legally purchase firearms because of previous felony conviction(s) or because they are underage will often recruit "straw purchasers" to illegally obtain firearm(s) on their behalf. These "straw purchasers" are often complicit with the intent to conceal the identity of the intended recipient of the firearm. These types of transactions are commonly conducted for financial gain of the "straw purchaser" or as the result of a relationship (familial/romantic/platonic or economic) between the true purchaser and the straw purchaser. When a firearm is recovered by law enforcement, the firearm information is generally submitted for tracing information. This tracing information can help to identify the origin of the firearm. A common indicator of firearm straw purchase can be the existence of a relatively short time span between the purchase of a firearm and its ultimate recovery by law enforcement during a crime or during a criminal investigation. Under these circumstances, the short "time to crime" serves as an investigative lead.

11. Your affiant is currently investigating an individual who may be involved in making of false statements with regard to the purchase of firearms. More specifically, your affiant is currently investigating the federal crimes of 18 U.S.C. § 922(a)(6) (making false statement in connection with purchase of firearm); and 18 U.S.C. § 922(g)(3) (Knowing Possession of Firearm by Prohibited Person-Drug User) with regard to Dameon A. HOLCOMB (B/M, XX-XX-1999).

12. Your affiant is providing this affidavit in support of a search warrant for a cell phone recovered from Dameon A. HOLCOMB person on March 1st, 2024. Based on the facts set forth in this affidavit, Your affiant believes there is probable cause to search the target cell phone.

13. On or around September 20th, 2023, Your affiant was made aware Dameon A. HOLCOMB had been arrested on July 19th, 2023 for Possession of a Controlled Substance with Intent to Deliver-Marijuana, while Armed. Officers recovered a Radical rifle from HOLCOMB's auto and a total of weight of marijuana of 14.44 grams.

14. During a Mirandized interview, HOLCOMB stated that he consumed marijuana and would smoke as much as he could smoke. HOLCOMB further stated that all the marijuana recovered by the police was for personal use. HOLCOMB admitted to ownership of the rifle recovered by the police.

15. Your affiant reviewed 4473's regarding firearms purchased by Dameon A HOLCOMB during the year of 2023. The first firearm purchased by HOLCOMB was a Glock, model #G19X, 9mm (serial #BYVL314) pistol on January 28th, 2023, from Range USA in Greenfield, WI. The second and third firearms purchased by HOLCOMB was a Springfield, model #Hellcat, 9mm (serial #BB353731) pistol and a Remington, model #870, 12-gauge (serial #RAF020348) firearm on May 10th, 2023. The fourth firearm purchased by HOLCOMB was a Radical, model #RF-15, 5.56 caliber (serial #23-053888) rifle on June 22nd, 2023.

16. Your affiant reviewed question 21g which stated the following, ***"Are you an unlawful user of, or addicted to, marijuana or any depressant, stimulant, narcotic drug, or any other controlled substance? Warning: The use or possession of marijuana remains unlawful under Federal law regardless of whether it has been legalized or decriminalized for medical or recreational purposes in the state where you reside."*** Your affiant reviewed HOLCOMB's

4

answers to this question on the three 4473's and noted that HOLCOMB answered "No" on all three 4473's.

17. Your affiant was aware that when HOLCOMB was arrested on October 21st, 2020, with a firearm and marijuana, HOLCOMB made a Res Gestae statement. HOLCOMB stated that the marijuana was his and he smokes all day long. HOLCOMB also stated that he carries a firearm for protection.

18. On January 23rd, 2024, HOLCOMB was indicted by the Grand Jury of the Eastern District of Wisconsin. HOLCOMB was indicted on three counts of 18 U.S.C. 9229(a)(6) and one count of 18 U.S.C. 922(g)(3).

19. On March 1st, 2024, HOLCOMB was arrested by the United States Marshal Service at XXXX North Water Street, Milwaukee, WI. Special Agents recovered a gray iPhone cellular phone with a clear case from HOLCOMB person when he was arrested.

20. Your affiant believes that evidence contained in the target cell phone will assist law enforcement in its investigation and is likely to provide evidence of the above-named criminal violations and will lead to the identification of individuals who are also engaged in the commission of these offenses.

21. Your affiant knows from his training and experience that those involved in the above-named illegal activities will often use cell phones as an easy manner to communicate with their co-actors, customers, and sources of supply.

22. Based on my training and experience I also know that it is common for narcotic users to possess several phones with several different phone numbers. Some phones may be used to operate as a personal phone in which the suspect will use it to communicate with friends and family while others are commonly used to conduct business and narcotic transactions. I also know

5

that those involved in narcotic using/possessing will usually have a cell phone on their person when they are involved in illegal activities as cell phones are one of the common tools of their trade. Cell phones allow for easy communication, provides some anonymity, and can be easily disposed of if a narcotic user believes law enforcement has identified the cell number.

23. From a law enforcement perspective, information obtained from a recovered cell phone can lead to identifying those involved in illegal activity, can assist in identifying the locations where criminal conduct has occurred; and can assist in the identification of other co-actors. Cell phones can also provide information as to the inner workings of criminal activity as they may log the communication with co-actors and may record their transactions and aspects of their lifestyle related to their criminal activity.

24. I know from my training and experience that such information can be found in the form of voicemail, email, text messages, video and audio clips, and other settings particular to such devices. Your affiant knows that many cell phones automatically record aspects of such communications, such as lists of calls and communications, and any particularized identification assigned to those source numbers or email addresses by the user of the cell phone.

25. Similarly, your affiant is aware that many cellular telephones contain a list of contacts and associate names and telephone numbers and other identifying information. Affiant asks that this information be included in the search warrant for the cellular telephone listed above and on the face of this search warrant, as it will assist in identifying the user/owner of this phone, assist in identifying the individuals with whom the user had contact, and may provide evidence of other co-actors and coconspirators.

26. Additionally, your affiant knows that persons who are involved in narcotic using/possessing record images, both still and moving, of themselves in possession of large sums

6

of money and firearms and/or using drugs alone or with other persons. Your affiant requests that the search warrant issued include a search of for these records/files/documents as they may constitute evidence of the above enumerated crime(s).

27. Your affiant is aware that many cellular telephones capture or otherwise store GPS location tracking/logging files, may provide additional evidence as to the targets' travels and may provide evidence as to the location where the suspected criminal activity occurred. Similarly, said information may assist law enforcement with locating and identifying other subjects with whom the target was involved in on other illegal firearm trafficking as well as assist in identifying the place or places where said firearm and narcotics deals may have occurred.

28. Your affiant is aware that cellular telephones frequently contain SD cards or other removable memory/storage devices upon which data, including photographs, videos, and other information, may be stored. Your affiant further requests that the court authorize the search of any removable drives, cards, memory devices or similar devices attached to or contained within said target telephone.

29. The target cell phone is presently being held as evidence at the Bureau of Alcohol, Firearms, Tobacco, and Explosives, 1000 N Water Street, Suite 1400, Milwaukee, WI 53202. Therefore, this warrant seeks only permission to examine devices already in law enforcement's possession; the execution of this warrant does not involve the physical intrusion onto a premise. Consequently, I submit there is reasonable cause for the Court to authorize execution of the warrant at any time in the day or night.

## CONCLUSION

Based on the foregoing facts and circumstances, there is probable cause to believe that Dameon A. HOLCOMB is involved in violating the above described crimes and there is probable cause to

7

believe that the target cell phone will contain evidence of such criminal offenses and may identify other actors and coconspirators and there is also probable cause to search the target cell as described in Attachment A for evidence of these crimes, as described in Attachment B.

**<u>AUTHORIZATION REQUEST</u>**

Based on the foregoing, I request that the Court issue the proposed search warrant based on the affidavit submitted.

**ATTACHMENT A**

Target Cell #1- a gray iPhone cell phone in a clear case, serial number unknown, now located at the Bureau of Alcohol, Firearms, Tobacco, and Explosives, 1000 N Water Street, Suite 1400, Milwaukee, WI 53202, identified as Item #1.

**ATTACHMENT B**

ITEMS TO BE SEIZED

30. All records and information contained in the target cell described in Attachment A, which relate to violations of 18 U.S.C. § 922(a)(6) (making false statement in connection with purchase of firearm; and 18 U.S.C. § 922(g)(3) (Knowing Possession of Firearm by Prohibited Person-Drug User) with regard to Dameon A. HOLCOMB and other known and unknown co-conspirators including, but not limited to:

a.  lists of contacts with any identifying information;

b.  photographs, videos, or other media storage connected to firearms;

c.  any stored GPS location tracking/logging files that may provide additional evidence as to the targets' travels, and may provide evidence as to the location where the alleged illegal actions occurred.

d.  types, amounts, and prices of narcotics purchased/sold;

e.  any information related to sources or purchasers of narcotics (including names, addresses, phone numbers, or any other identifying information);

f.  any and all codes used to identify narcotics;

g.  all bank records, checks, credit card bills, account information, and other financial records related to firearms commerce;

h.  any and all financial records connected to the purchase/sale of narcotics;

i.  documentation establishing the identity of the individuals in control of the residences, the cell phones, and any of the illegal sale and possession of narcotics;

j.  any and all financial records connected to the purchase/sale of narcotics and any correspondence regarding other narcotics and/or purchasers;

k. all bank records, checks, credit card bills, account information, and other financial records; financial records, documents, statements, or other evidence of control of bank or other financial accounts and investment funds;

l. lists of narcotics customers and/or sources and related identifying information;

m. personal address books, telephone bills, photographs, letters, personal notes, documents and other items or lists reflecting names, addresses, telephone numbers, addresses and communications regarding illegal activities among and between members and associates involved in narcotic activities;

n. records of off-site locations to store proceeds and other records, including safes, vaults, or lock boxes, safe deposit box keys, records and receipts and rental agreements for storage facilities;

o. records of mail and communications services, cellular telephones and all electronic storage areas on the device including stored telephone numbers, recently called numbers list, text messages, digital audio and or video recordings, pictures, settings, and any other user defined settings and/or data;

p. evidence of user attribution showing who used or owned the device at the time the things described in this warrant were created, edited, or deleted, such as logs, phonebooks, saved usernames and passwords, documents, and browsing history; and

q. records evidencing the use of the Internet Protocol address, including:

- records of Internet Protocol addresses used;

- records of Internet activity, including firewall logs, caches, browser history and cookies, "bookmarked" or "favorite" web pages, search terms that the user entered into any Internet search engine, and records of user-typed web addresses.

As used above, the terms "records" and "information" include all of the foregoing items of evidence in whatever form and by whatever means they may have been created or stored, including any form of computer or electronic storage (such as flash memory or other media that can store data) and any photographic form.